# 1



# Prosecutor

The Prosecuting Attorney is the chief law enforcement officer of Livingston County and is charged with the duty to see that the laws are faithfully executed and enforced to maintain the rule of law. An elected official with a four-year term of office, the Prosecuting Attorney is independent of the Michigan Attorney General. The Prosecuting Attorney's office performs a wide array of legal duties.

**Livingston County Prosecutor**
Monday - Friday
8am - 5pm
Office Closed For County Holidays

210 S Highlander Way
Howell, MI 48843
Map to our location
Ph: 517.546.1850
Fax: 517.546.0728
Email: prosecutors@livgov.com

Family Support
Ph: 517.548.1444
Fax: 517.548.7580
Email: familysupport@livgov.com

| Mission |
|---|
| To preserve and protect the rights, safety, and quality of life for the residents of Livingston County through diligent efforts to investigate and prosecute criminal offenses in Livingston County. |

David J. Reader, Prosecutor



Carolyn Henry, Chief Assistant Prosecutor

### Office Responsibilities

- Chief law enforcement official in the County
- Reviews, authorizes and prosecutes violations of felony and misdemeanor criminal laws of the State of Michigan committed inside the County
- Authorizes and prosecutes felony & misdemeanor juvenile delinquency offenses
- Represents the People of the State of Michigan in criminal matters before the District & Circuit Courts; juvenile delinquency, parental neglect and miscellaneous probate matters in the Circuit Court/Family Division and the Probate Court, and appeals in the Court of Appeals and Michigan Supreme Court
- Prepares child abuse and neglect petitions, and prosecute actions to terminate parental rights



- Attends contested mental health commitment hearings
- Files and prosecutes actions to establish paternity and family support order

Free Phone Consultation: (248) 792-2590

# MICHIGAN CRIMINAL ATTORNEYS BLOG



Published By:
LAW OFFICES OF
HILF & HILF PLC

AUGUST 4, 2011
**Restitution in Criminal Cases in Michigan**
by **Hilf & Hilf, PLC**

~~Restitution in Michigan is a victim's Constitutional right~~ Restitution even survives the death of the Defendant, and can be pursued against his or her estate. Under Michigan law, the Prosecutor is required to provide information to a victim concerning restitution. The Sentencing Court must order the Defendant to make full restitution as required by law to any victim of the Defendant's course of conduct that gives rise to the conviction, or to the victim's estate.

A victim is defined as an individual who suffers direct or threatened physical, financial, or emotional harm as the result of the commission of a crime, juvenile offense, or misdemeanor. A victim also include companies, corporations, government entities, or any other legal entity that suffers a direct physical or financial harm as the result of a crime, juvenile offense, or a misdemeanor. A person who was charged with offenses arising out of the same transaction as the charged levied against the Defendant is not considered to be a victim. Restitution can be expensive. For any criminal case in which a large amount of restitution may be an issue, it is recommended that you **retain attorney Daniel Hilf of the law firm of Hilf & Hilf, PLC.**
Civil litigation does not excuse the restitution requirement. However, the amount of restitution paid to a victim is set off against damages that a victim receives in compensation from a civil lawsuit. Hence, the victim cannot double dip. However, it is possible for the restitution order to be larger than the amount of a civil judgment. The Defendant may be ordered to even pay restitution concerning victims for which he or she was not convicted.
In determining the amount of restitution to order the court shall consider the amount of loss sustained by any victim as a result of the offense. The amount of restitution may also include the cost of the labor necessary to determine the value of the property lost (for example an appraisal), as well as the labor cost involved in replacing the lost property. The ability of the Defendant to pay the restitution is irrelevant in determining the amount of restitution owed. The fair market value of the property on the date of the loss is generally ordered, unless that value cannot be determined or is impractical to ascertain. In this instance, the resplacement value of the property is used for the restitution amount. In cases of death or serious bodily impeirment, the court may order up to 3 times the amount of restitution otherwise allowed.
Codefandants may be held jointly and severally liable for the total amount of restitution. If one codefendant does not pay, the other codefendant(s) is/are still responsible for the entire amount.
Examples of items that are recoverable as restitution:
1. "Buy money" in drug offenses;
2. Individuals or institutions that have provided services to a victim as a result of the Defendant's conduct;
3. Expenses spent by the parents of a minor victim for items such as: child care expenses; income loss; mileage; lorging or housing; meals;

4. Interest on unpaid child support and medical bills;
5. Money paid by an insurance company for a loss claimed by a victim;
6. Psychological counseling;
7. Physical and occupational therapy;
8. Expenses related to the death of a victim, such as: funeral and related services; lost tax deduction or credit;
9. Attorney's fees incurred to the victim because of the loss, including assisting in the investigation and attending Court hearings.

The Court is required to hold a restitution hearing if there is an actual dispute, properly raised at the sentencing hearing in respect to the type or amount of restitution. Hence, the issue as to the amount of restitution can be waived if the Defendant and/or the Defendant's attorney fail to raise the issue at the time of sentencing.

The Prosecution has the burden to prove the restitution by a preponderance of the evidence to the Court. The Defendant is not entitled for a jury determination concerning restitution. The rules of evidence do not apply at a restitution hearing, other than a claim of a privilege (for example – attorney client privilege). The Defendant is not required to testify at a restitution hearing, and his or her silence is not a consideration of the Court concerning any issue.

The sentencing Court is allowed to rely on the Presentence Investigation Report, which is presumed to be accurate, unless the Defendant challenges the information in the Report. The Prosecution must show with some precision the amount of loss if uncharged activitity is involved.

Restitution can be ordered from the Defendant's bond or bail if he or she personally paid their bond or bail. Proceeds for the sale of property forfeited also may be used to satisfy victims. Restitution must be ordered as a condition of probation or parole. The Court can order that income withholding or a wage assignment occur in which restitution and other payments are taken directly from the Defendant's paycheck. Failure to pay restitution can result in a revocation of probation or parole. The Michigan Department of Corrections typically deducts 50% of funds received by a prisoner over $50 and applies that amount to restitution.

An order of restitution remains in effect until it is satisfied in full. It is a judgment and a lien against all property of the Defendant in the amount of the specified restitution. It is not dischargeable in bankruptcy. If the conviction is set aside, the Defendant is not entitled to a refund for any sums of money paid.

Restitution can impact a Defendant far beyond the date of his or her sentencing. It is important to have legal counsel to preserve the issue of restitution, and try to minimize the amount of restitution ultimately awarded.

Posted in: **Courts, Crimes** and **Injury**

Tagged: crime victim's rights act, Restitution and restitution hearing

Comments are closed.

« Previous | Home |

1775 W Big Beaver Rd
Troy, MI 48084
Phone: (248) 792-2590
Fax: (248) 885-8996

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

Please do not include any confidential or sensitive information in a contact form, text message, or voicemail. The contact form sends information by non-encrypted email, which is not secure. Submitting a contact form,



# MICHIGAN LEGISLATURE

Michigan Compiled Laws Complete Through PA 3 of 2023
House: Adjourned until Wednesday, February 22, 2023 1:30:00 PM
Senate: Adjourned until Tuesday, February 21, 2023 10:00:00 AM

**Home**  **Register**  **Why Register?**  **Login**  **New!**  **Help**

← NAVIGATE SECTIONS →

MCL Chapter Index

- Chapter 1
- CONSTITUTION OF MICHIGAN OF 1963
- Constitution-I
- Article I § 24

**Legislature**

Bills
Appropriation Bills (Passed)
Calendars
Committees
Committee Bill Records
Committee Meetings
Concurrent Resolutions
Initiatives/Alternative Measures
Joint Resolutions
Journals
Legislators
Public Act (Signed Bills)
Resolutions
Rules
Session Schedules
Search - Basic
Search - Advanced

**Laws**

Basic MCL Search
Advanced MCL Search
Public Act MCL Search
Michigan Constitution
Chapter Index
Executive Orders
Executive Reorgs
Historical Documents
MCL Tables
Often Req Laws
Req Outdated Acts

**More**

Archives
Email Notifications
Legislative Directory

## Article I § 24

⚙ friendly link
🖨 printer friendly

**STATE CONSTITUTION (EXCERPT)
CONSTITUTION OF MICHIGAN OF 1963**

**§ 24 Rights of crime victims; enforcement; assessment against convicted defendants.**

Sec. 24.

(1) Crime victims, as defined by law, shall have the following rights, as provided by law:

The right to be treated with fairness and respect for their dignity and privacy throughout the criminal justice process.

The right to timely disposition of the case following arrest of the accused.

The right to be reasonably protected from the accused throughout the criminal justice process. ✗

The right to notification of court proceedings.

The right to attend trial and all other court proceedings the accused has the right to attend.

The right to confer with the prosecution. ✗

The right to make a statement to the court at sentencing. ✗

The right to restitution.

The right to information about the conviction, sentence, imprisonment, and release of the accused.

(2) The legislature may provide by law for the enforcement of this section.

(3) The legislature may provide for an assessment against convicted defendants to pay for crime victims' rights.

**History:** Add. H.J.R. P, approved Nov. 8, 1988, Eff. Dec. 24, 1988



# Michigan Legislature

Michigan Compiled Laws Complete Through PA 3 of 2023
House: Adjourned until Wednesday, February 22, 2023 1:30:00 PM
Senate: Adjourned until Tuesday, February 21, 2023 10:00:00 AM

**Home** | **Register** | **Why Register?** | **Login** | **New!** | **Help**

← **NAVIGATE SECTIONS** →

MCL Chapter Index
- Chapter 1
- CONSTITUTION OF MICHIGAN OF 1963
- Constitution-I
- Article I § 2

**Legislature**

Bills
Appropriation Bills (Passed)
Calendars
Committees
Committee Bill Records
Committee Meetings
Concurrent Resolutions
Initiatives/Alternative Measures
Joint Resolutions
Journals
Legislators
Public Act (Signed Bills)
Resolutions
Rules
Session Schedules
Search - Basic
Search - Advanced

**Laws**

Basic MCL Search
Advanced MCL Search
Public Act MCL Search
Michigan Constitution
Chapter Index
Executive Orders
Executive Reorgs
Historical Documents
MCL Tables
Often Req Laws
Req Outdated Acts

**More**

Archives
Email Notifications
Legislative Directory

## Article I § 2
friendly link
printer friendly

**STATE CONSTITUTION (EXCERPT)**
**CONSTITUTION OF MICHIGAN OF 1963**

**§ 2 Equal protection; discrimination.**

Sec. 2.

No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. The legislature shall implement this section by appropriate legislation.

**History:** Const. 1963, Art. I, § 2, Eff. Jan. 1, 1964

*Why was I denied?*

*Prosecutor simply stated "Mr. Moody, we didn't think restitution was necessary!"*



# MICHIGAN LEGISLATURE

Michigan Compiled Laws Complete Through PA 3 of 2023
House: Adjourned until Wednesday, February 22, 2023 1:30:00 PM
Senate: Adjourned until Tuesday, February 21, 2023 10:00:00 AM

**Home**   **Register**   **Why Register?**   **Login**   **New!**   **Help**

← NAVIGATE SECTIONS →

MCL Chapter Index
- Chapter 780
- Act 87 of 1985
- 87-1985-1
- Section 780.766

**Legislature**

Bills
Appropriation Bills (Passed)
Calendars
Committees
Committee Bill Records
Committee Meetings
Concurrent Resolutions
Initiatives/Alternative Measures
Joint Resolutions
Journals
Legislators
Public Act (Signed Bills)
Resolutions
Rules
Session Schedules
Search - Basic
Search - Advanced

**Laws**

Basic MCL Search
Advanced MCL Search
Public Act MCL Search
Michigan Constitution
Chapter Index
Executive Orders
Executive Reorgs
Historical Documents
MCL Tables
Often Req Laws
Req Outdated Acts

**More**

Archives
Email Notifications
Legislative Directory
Michigan Manuals
Michigan Color Themes

## Section 780.766

friendly link
printer friendly

**WILLIAM VAN REGENMORTER CRIME VICTIM'S RIGHTS ACT
(EXCERPT)
Act 87 of 1985**

**780.766 "Victim" defined; restitution; order; condition of probation, parole, or sentence; revocation of probation or parole; petition to modify payment method; lien; enforcement; failure to pay restitution; payment by parent of juvenile; definitions; review; report or petition; compliance; copy of order to department of corrections; disposition of unclaimed restitution; amendment of order; effect of bankruptcy; victim as minor.**

Sec. 16.

(1) As used in this section only, "victim" means an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime. As used in subsections (2), (3), (6), (8), (9), and (13) only, victim includes a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime.

(2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. For an offense that is resolved by assignment of the defendant to youthful trainee status, by a delayed sentence or deferred judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, the court shall order the restitution required under this section.

(3) If a crime results in damage to or loss or destruction of property of a victim of the crime or results in the seizure or impoundment of property of a victim of the crime, the order of restitution shall require that the defendant do 1 or more of the following, as applicable:

 (a) Return the property to the owner of the property or to a person designated by the owner.

 (b) If return of the property under subdivision (a) is impossible, impractical, or inadequate, pay an amount equal to the greater of subparagraph (i) or (ii), less the value, determined as of the date the property is returned, of that property or any part of the property that is returned:

  (i) The fair market value of the property on the date of the damage, loss, or destruction. However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value.

  (ii) The fair market value of the property on the date of sentencing. However, if the fair market value of the property cannot be determined or is impractical

Publications
Related Sites

**Syndication**

Bills
Meetings
Laws

**Recently Viewed**

mcl 780 766

to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value.

(c) Pay the costs of the seizure or impoundment, or both.

(4) If a crime results in physical or psychological injury to a victim, the order of restitution shall require that the defendant do 1 or more of the following, as applicable:

(a) Pay an amount equal to the reasonably determined cost of medical and related professional services and devices actually incurred and reasonably expected to be incurred relating to physical and psychological care.

(b) Pay an amount equal to the reasonably determined cost of physical and occupational therapy and rehabilitation actually incurred and reasonably expected to be incurred.

(c) Reimburse the victim or the victim's estate for after-tax income loss suffered by the victim as a result of the crime.

(d) Pay an amount equal to the reasonably determined cost of psychological and medical treatment for members of the victim's family actually incurred and reasonably expected to be incurred as a result of the crime.

(e) Pay an amount equal to the reasonably determined costs of homemaking and child care expenses actually incurred and reasonably expected to be incurred as a result of the crime or, if homemaking or child care is provided without compensation by a relative, friend, or any other person, an amount equal to the costs that would reasonably be incurred as a result of the crime for that homemaking and child care, based on the rates in the area for comparable services.

(f) Pay an amount equal to the cost of actual funeral and related services.

(g) If the deceased victim could be claimed as a dependent by his or her parent or guardian on the parent's or guardian's federal, state, or local income tax returns, pay an amount equal to the loss of the tax deduction or tax credit. The amount of reimbursement shall be estimated for each year the victim could reasonably be claimed as a dependent.

(h) Pay an amount equal to income actually lost by the spouse, parent, sibling, child, or grandparent of the victim because the family member left his or her employment, temporarily or permanently, to care for the victim because of the injury.

(5) If a crime resulting in bodily injury also results in the death of a victim or serious impairment of a body function of a victim, the court may order up to 3 times the amount of restitution otherwise allowed under this section. As used in this subsection, "serious impairment of a body function of a victim" includes, but is not limited to, 1 or more of the following:

(a) Loss of a limb or use of a limb.
(b) Loss of a hand or foot or use of a hand or foot.
(c) Loss of an eye or use of an eye or ear.
(d) Loss or substantial impairment of a bodily function.
(e) Serious visible disfigurement.
(f) A comatose state that lasts for more than 3 days.
(g) Measurable brain damage or mental impairment.
(h) A skull fracture or other serious bone fracture.
(i) Subdural hemorrhage or subdural hematoma.
(j) Loss of a body organ.

(6) If the victim or victim's estate consents, the order of restitution may require that the defendant make restitution in services in lieu of money.

(7) If the victim is deceased or dies, the court shall order that the restitution or remaining restitution be made to those entitled to inherit from the victim's estate.

(8) The court shall order restitution to the crime victim services commission or to any individuals, partnerships, corporations, associations, governmental entities, or other legal entities that have compensated the victim or the victim's estate for a loss incurred by the victim to the extent of the compensation paid for that loss. The court shall also order restitution for the costs of services provided to persons or entities that have provided services to the victim as a result of the crime. Services that are subject to restitution

under this subsection include, but are not limited to, shelter, food, clothing, and transportation. However, an order of restitution shall require that all restitution to a victim or victim's estate under the order be made before any restitution to any other person or entity under that order is made. The court shall not order restitution to be paid to a victim or victim's estate if the victim or victim's estate has received or is to receive compensation for that loss, and the court shall state on the record with specificity the reasons for its action.

(9) Any amount paid to a victim or victim's estate under an order of restitution shall be set off against any amount later recovered as compensatory damages by the victim or the victim's estate in any federal or state civil proceeding and shall reduce the amount payable to a victim or a victim's estate by an award from the crime victim services commission made after an order of restitution under this section.

(10) If not otherwise provided by the court under this subsection, restitution shall be made immediately. However, the court may require that the defendant make restitution under this section within a specified period or in specified installments.

(11) If the defendant is placed on probation or paroled or the court imposes a conditional sentence as provided in section 3 of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.3, any restitution ordered under this section shall be a condition of that probation, parole, or sentence. The court may revoke probation or impose imprisonment under the conditional sentence and the parole board may revoke parole if the defendant fails to comply with the order and if the defendant has not made a good faith effort to comply with the order. In determining whether to revoke probation or parole or impose imprisonment, the court or parole board shall consider the defendant's employment status, earning ability, and financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.

*[handwritten annotation: 11-12 Restitution Never Ordered]*

(12) Subject to subsection (18), a defendant who is required to pay restitution and who is not in willful default of the payment of the restitution may at any time petition the sentencing judge or his or her successor to modify the method of payment. If the court determines that payment under the order will impose a manifest hardship on the defendant or his or her immediate family, and if the court also determines that modifying the method of payment will not impose a manifest hardship on the victim, the court may modify the method of payment.

(13) An order of restitution entered under this section remains effective until it is satisfied in full. An order of restitution is a judgment and lien against all property of the defendant for the amount specified in the order of restitution. The lien may be recorded as provided by law. An order of restitution may be enforced by the prosecuting attorney, a victim, a victim's estate, or any other person or entity named in the order to receive the restitution in the same manner as a judgment in a civil action or a lien.

(14) Notwithstanding any other provision of this section, a defendant shall not be imprisoned, jailed, or incarcerated for a violation of probation or parole or otherwise for failure to pay restitution as ordered under this section unless the court or parole board determines that the defendant has the resources to pay the ordered restitution and has not made a good faith effort to do so.

(15) If the court determines that a juvenile is or will be unable to pay all of the restitution ordered, after notice to the juvenile's parent or parents and an opportunity for the parent or parents to be heard the court may order the parent or parents having supervisory responsibility for the juvenile at the time of the acts upon which an order of restitution is based to pay any portion of the restitution ordered that is outstanding. An order under this subsection does not relieve the juvenile of his or her obligation to pay restitution as ordered, but the amount owed by the juvenile shall be offset by any amount paid by his or her parent. As used in this subsection:

(a) "Juvenile" means a person within the court's jurisdiction under section 2d or 4 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.2d and 712A.4.

(b) "Parent" does not include a foster parent.

(16) If the court orders a parent to pay restitution under subsection (15), the court shall take into account the parent's financial resources and the burden that the payment of restitution will impose, with due regard to any other moral or legal financial obligations the parent may have. If a parent is required to pay restitution under subsection (15), the court shall provide for payment to be made in specified installments and within a specified period of time.

(17) A parent who has been ordered to pay restitution under subsection (15) may petition the court for a modification of the amount of restitution owed by the parent or for a cancellation of any unpaid portion of the parent's obligation. The court shall cancel all or part of the parent's obligation due if the court determines that payment of the amount due will impose a manifest hardship on the parent and if the court also determines that modifying the method of payment will not impose a manifest hardship on the victim.

(18) In each case in which payment of restitution is ordered as a condition of probation, the court shall order any employed defendant to make regularly scheduled restitution payments. If the defendant misses 2 or more regularly scheduled payments, the court shall order the defendant to execute a wage assignment to pay the restitution. The probation officer assigned to the case shall review the case not less than twice yearly to ensure that restitution is being paid as ordered. If the restitution was ordered to be made within a specific period of time, the probation officer assigned to the case shall review the case at the end of the specific period of time to determine if the restitution has been paid in full. The final review shall be conducted not less than 60 days before the probationary period expires. If the probation officer determines at any review that restitution is not being paid as ordered, the probation officer shall file a written report of the violation with the court on a form prescribed by the state court administrative office or shall petition the court for a probation violation. The report or petition shall include a statement of the amount of the arrearage and any reasons for the arrearage known by the probation officer. The probation officer shall immediately provide a copy of the report or petition to the prosecuting attorney. If a petition or motion is filed or other proceedings are initiated to enforce payment of restitution and the court determines that restitution is not being paid or has not been paid as ordered by the court, the court shall promptly take action necessary to compel compliance.

(19) If a defendant who is ordered to pay restitution under this section is remanded to the jurisdiction of the department of corrections, the court shall provide a copy of the order of restitution to the department of corrections when the defendant is remanded to the department's jurisdiction.

(20) The court shall not impose a fee on a victim, victim's estate, or prosecuting attorney for enforcing an order of restitution.

(21) If a person or entity entitled to restitution under this section cannot be located, refuses to claim the restitution within 2 years after the date on which he or she could have claimed the restitution, or refuses to accept the restitution, the restitution to which that person or entity is entitled shall be deposited in the crime victim's rights fund created under section 4 of 1989 PA 196, MCL 780.904, or its successor fund. However, a person or entity entitled to that restitution may claim that restitution any time by applying to the court that originally ordered and collected it. The court shall notify the crime victim services commission of the application and the commission shall approve a reduction in the court's revenue transmittal to the crime victim's rights fund equal to the restitution owed to the person or entity. The court shall use the reduction to reimburse that restitution to the person or entity.

(22) The court may amend an order of restitution entered under this section on a motion by the prosecuting attorney, the victim, or the defendant based upon new information related to the injury, damages, or loss for which the restitution was ordered.

(23) A court that receives notice that a defendant who has an obligation to pay restitution under this section has declared bankruptcy shall forward a copy

of that notice to the prosecuting attorney. The prosecuting attorney shall forward the notice to the victim at the victim's last known address.

(24) If the victim is a minor, the order of restitution shall require the defendant to pay to a parent of the victim an amount that is determined to be reasonable for any of the following that are actually incurred or reasonably expected to be incurred by the parent as a result of the crime:
  (a) Homemaking and child care expenses.
  (b) Income loss not ordered to be paid under subsection (4)(h).
  (c) Mileage.
  (d) Lodging or housing.
  (e) Meals.
  (f) Any other cost incurred in exercising the rights of the victim or a parent under this act.

**History:** 1985, Act 87, Eff. Oct. 9, 1985 ;-- Am. 1986, Act 234, Imd. Eff. Oct. 6, 1986 ;-- Am. 1988, Act 21, Eff. June 1, 1988 ;-- Am. 1993, Act 341, Eff. May 1, 1994 ;-- Am. 1996, Act 121, Eff. May 1, 1996 ;-- Am. 1996, Act 562, Eff. June 1, 1997 ;-- Am. 1998, Act 232, Imd. Eff. July 3, 1998 ;-- Am. 2000, Act 503, Eff. June 1, 2001 ;-- Am. 2005, Act 184, Eff. Jan. 1, 2006 ;-- Am. 2009, Act 28, Eff. July 1, 2009 ;-- Am. 2013, Act 139, Imd. Eff. Oct. 22, 2013
**Compiler's Notes:** Enacting section 1 of Act 28 of 2009 provides:"Enacting section 1. This amendatory act takes effect July 1, 2009, and applies only to crimes committed on and after that date."For transfer of powers and duties of Michigan parole and commutation board to Michigan parole board within department of corrections, and abolishment of Michigan parole and commutation board, see E.R.O. No. 2011-3, compiled at MCL 791.305.

**Acceptable Use Policy**     **Privacy Policy**     **Copyright Infringement**     **Comment Form**
**Legislative Directory**     **Accessibility**

The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other interested parties. Additional historical documents can be found at http://www.michigan.gov/libraryofmichigan. The information obtained from this site is not intended to replace official versions of that information and is subject to revision. The Legislature presents this information, without warranties, express or implied, regarding the accuracy of the information, timeliness, or completeness. If you believe the information is inaccurate, out-of-date, or incomplete or if you have problems accessing or reading the information, please send your concerns to the appropriate agency using the online Comment Form in the bar above this text.



# Michigan Legislature

Michigan Compiled Laws Complete Through PA 3 of 2023
House: Adjourned until Wednesday, February 22, 2023 1:30:00 PM
Senate: Adjourned until Tuesday, February 21, 2023 10:00:00 AM

**Home**  **Register**  **Why Register?**  **Login**  **New!**  **Help**

← **NAVIGATE SECTIONS** →

MCL Chapter Index

- Chapter 1
- CONSTITUTION OF MICHIGAN OF 1963
- Constitution-I
- Article I § 14

**Legislature**

Bills
Appropriation Bills (Passed)
Calendars
Committees
Committee Bill Records
Committee Meetings
Concurrent Resolutions
Initiatives/Alternative Measures
Joint Resolutions
Journals
Legislators
Public Act (Signed Bills)
Resolutions
Rules
Session Schedules
Search - Basic
Search - Advanced

**Laws**

Basic MCL Search
Advanced MCL Search
Public Act MCL Search
Michigan Constitution
Chapter Index
Executive Orders
Executive Reorgs
Historical Documents
MCL Tables
Often Req Laws
Req Outdated Acts

**More**

Archives
Email Notifications
Legislative Directory

## Article I § 14

🔗 friendly link
🖨 printer friendly

**STATE CONSTITUTION (EXCERPT)**
**CONSTITUTION OF MICHIGAN OF 1963**

**§ 14 Jury trials.**

Sec. 14.

The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law. In all civil cases tried by 12 jurors a verdict shall be received when 10 jurors agree.

**History:** Const. 1963, Art. I, § 14, Eff. Jan. 1, 1964
**Former Constitution:** See Const. 1908, Art. II, § 13.

Demand jury trial

No contact order
- Never placed -

- Scorpion Gang -

No protection

No testimony at court

Gang violence never added to any police report