UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT MOODY,

                Plaintiff,

v.

LIVINGSTON, COUNTY OF,

                Defendant.
_____/

Civil Action No. 23-10508

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY, WITHOUT PREJUDICE,
DEFENDANT'S MOTION TO DISMISS (ECF No. 10), AND TO GRANT
PLAINTIFF 30 DAYS TO FILE AN AMENDED COMPLAINT**

**Background**

*Pro se* plaintiff Kurt Moody ("Moody") brings this action against Livingston County ("Defendant"), alleging a breach of his "Constitutional Victims Rights" under the Michigan Constitution and Michigan's William van Regenmorter Crime Victim's Rights Act, M.C.L. § 780.751, *et seq*. (ECF No. 1). Moody asserts that the Livingston County prosecutor's office violated his rights by denying him restitution after he was the "victim of an attempted murder." (*Id*.). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9).

On April 19, 2023, Defendant filed an answer to Moody's complaint, asserting, in relevant part:

> On April 24, 2023, the undersigned had two telephone conferences with Mr. Moody. In the first the undersigned informed Mr. Moody that on behalf of Livingston County he was preparing a motion to dismiss based on the argument this court lacks jurisdiction because all

>of the claims relate to the Michigan Constitution.  Mr. Moody said he would agree to dismiss this case and refile in State Court.  The undersigned said he would prepare a stipulation. A minute or two later, Mr. Moody called back saying he wanted to think about whether he would agree to dismiss the current litigation.  Then a minute or two later he called back again and left a message he would not agree to dismiss this litigation and instead would take it up all the way to the Supreme Court.

(ECF No. 8, PageID.38-39).

On April 25, 2023, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, asserting that dismissal is proper because Moody's claims "are entirely based on Michigan law" and his allegations otherwise fail to establish diversity jurisdiction. (ECF No. 10, PageID.46-47).  Later in the day on April 25, 2023, Moody filed a document that vaguely addresses, among other issues, the "Jurisdiction Question."  (ECF No. 12; *id.*, PageID.54).[1]  This filing is dated April 24, 2023, and therefore is Moody's response to

---

[1] Moody's filing makes various conclusory assertions about the Court's subject matter jurisdiction in this case.  For instance, he asserts, "If the breach of state laws involves actions by state or local officials that infringe upon a crime victim's rights under the U.S. Constitution or federal law, the victim can have a claim under 42 U.S.C. § 1983." (ECF No. 12, PageID.54).  He goes on to assert that under "[t]he Equal Protection Clause . . . states must enforce their laws equally, without discriminating based on race, gender, national origin, or other protected characteristics," and that "[i]f a crime victim is not given the opportunity to participate in a criminal trial or provide input during sentencing, as provided for under a jurisdiction's crime victim's rights laws, this is also to be considered a violation of the victim's due process rights." (*Id.*, PageID.55).  However, Moody's complaint asserts no claim for violation of a right under either the United States Constitution or any federal law.  And, the law is clear that a plaintiff may not cure deficiencies in his complaint by asserting new allegations or claims in a response to a defendant's motion to dismiss.  *See Jocham v. Tuscola County*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) (holding that plaintiffs "may not amend their complaint through a response brief"); *Newman v. Encore Cap. Grp.*, No. 16-11395, 2017 WL 3479510, *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendants' motion to dismiss"). !

2

Defendant's answer, not his response to Defendant's motion to dismiss. (ECF No. 12). Thus, on April 26, 2023, the Court issued an Order advising Moody of his obligation to respond to Defendant's motion to dismiss on or before **May 22, 2023**, and that his failure to do so may result in a recommendation that the Defendant's motion be granted. (ECF No. 11). To date, however, Moody has not filed a response to Defendant's motion to dismiss. Nor has he moved for an extension of time within which to do so.

**Legal Standards**

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court has the authority to hear a civil action only if it has subject matter jurisdiction over the specific claims raised in the action. *Id.* Generally speaking, federal district courts have subject matter jurisdiction under 28 U.S.C. § 1331 with respect to cases that raise a federal question, and under 28 U.S.C. § 1332 with respect to cases that meet the requirements of diversity jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). A plaintiff must justify subject-matter jurisdiction as a part of the well-pleaded complaint. Fed. R. Civ. P. 8(a)(1).

A case presents a federal question if it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, "[i]f the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction . . . ." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 325 (6th Cir. 2007). A state law claim invokes federal question jurisdiction only

3

if the complaint establishes that "its right to relief under state law requires resolution of a substantial question of federal law . . . ." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13(1983). Federal courts have diversity jurisdiction over a case if the parties are "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. §1332; *Arbaugh*, 546 U.S. at 513.

Fed. Civ. P. 12(b)(1) allows for dismissal of an action for lack of subject matter jurisdiction. A party may raise the issue of lack of subject matter jurisdiction at any stage in litigation. *Arbaugh*, 546 U.S. at 500. The "facial attack" category of motion to dismiss under 12(b)(1) asks the Court to find that even if the allegations in the complaint are true, the pleadings are not sufficient to establish the Court's subject matter jurisdiction. *Ohio Nat Life Ins Co v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). When conducting this analysis, the Court must liberally construe the allegations contained in a complaint filed by a *pro se* plaintiff. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

**Discussion**

In its motion to dismiss, Defendant argues that this Court lacks subject matter jurisdiction because Moody's claims "are entirely based on Michigan law" and his allegations otherwise fail to establish diversity jurisdiction. (ECF No. 10, PageID.46-47). More specifically, Defendant argues that "Plaintiff's complaint does not assert any cause of action under federal law, or that any claim requires the resolution of any question of federal law." (*Id.*, PageID.46). Furthermore, "Plaintiff is a resident of the State of Michigan, and Defendant is a Michigan County," so the complaint fails to meet the requirements of diversity jurisdiction (*Id.*, PageID.47).

4

While it is true that the Court lacks subject matter jurisdiction over purely state law claims when diversity jurisdiction is also lacking, *Gentek,* 491 F.3d at 325, if the Court were to grant Defendant's instant motion to dismiss, it would be required to do so "without prejudice." *Id.*, 491 F.3d 320 at 325; *see also Millan v. FBI*, No. 22-10006, 2023 WL 2586299, at *3 (E.D. Mich. Mar. 21, 2023) ("where the Court 'lack[s] subject-matter jurisdiction for [any] non-merits reason[ ] ... it must dismiss the case under just Rule 12(b)(1)'). The dismissal must be without prejudice.") (citations omitted). Liberally construing Moody's recent filing (ECF No. 12), he appears to be arguing that he can cure any subject matter jurisdiction deficiencies by asserting claims based on alleged violations of his rights under the Due Process and/or Equal Protection clauses of the United States Constitution. (ECF No. 12, PageID.54-55). Accordingly, the Court will construe Moody's filing as a motion for leave to amend his complaint to address Defendant's subject matter jurisdiction arguments.[2]

The most appropriate course of action is thus to deny Defendant's motion to dismiss without prejudice, and give Moody 30 days to file an amended complaint that establishes this Court's subject matter jurisdiction. Should Moody file an amended complaint that Defendant contends is subject to dismissal, Defendant may then file a new motion to

---

[2] On June 5, 2023, Defendant filed a "reply" in support of its motion to dismiss. (ECF No. 13). In that filing, Defendant makes substantive arguments about the merits of the Due Process and Equal Protection claims Moody referenced in his filing. (*Id.*). At this stage of the case, however, where Moody has not yet had an opportunity to file an amended complaint, it is not appropriate for the Court to pass on the merits of those claims. *Millan*, 2023 WL 2586299, at *3 ("Where a district court lacks subject matter jurisdiction it need not — and ought not — address the merits argument about whether the complaint states a cognizable claim for relief." (citing *Brownback v. King*, —— U.S. ——, 141 S. Ct. 740, 750 (2021)). The Court therefore expresses no opinion as to those matters at this time.

5

dismiss.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss **(ECF No. 8)** be **DENIED WITHOUT PREJUDICE**, and that Moody be given 30 days to file an amended complaint.

| | |
|---|---|
| Dated: June 14, 2023<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

**NOTICE REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2023.

                                      s/Eddrey O. Butts
                                      EDDREY O. BUTTS
                                      Case Manager