UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT MOODY,

    Plaintiff,　　　　　　　　　　　　　　Case No. 23-10508

v.　　　　　　　　　　　　　　　　　　　Honorable Nancy G. Edmunds

LIVINGSTON, COUNTY OF,

    Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S**
**JUNE 14, 2023 REPORT AND RECOMMENDATION [14]**

    This pro se lawsuit was filed by Plaintiff Kurt Moody against Defendant Livingston County in the United States District Court for the Western District of Michigan. (ECF No. 1.) That court granted Plaintiff leave to proceed in forma pauperis and then transferred the case to this Court. (ECF Nos. 2, 3.) After being served with the complaint, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 10.) Before the Court is Magistrate Judge David R. Grand's report and recommendation to deny Defendant's motion without prejudice and give Plaintiff thirty days to file an amended complaint that establishes this Court's jurisdiction. (ECF No. 14.) Defendant objects to that report. (ECF Nos. 15, 16.) Having conducted a *de novo* review of the portions of the report that have been objected to, the Court OVERRULES Defendant's objections and ACCEPTS AND ADOPTS the report and recommendation.

**I.**　　**Standard of Review**

    Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

1

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## II.     Analysis

Defendant's first objection relies on Plaintiff's failure to respond to its motion to dismiss despite the Magistrate Judge's order to do so. While courts sometimes find opposition to a motion to dismiss waived where a plaintiff fails to respond to the motion, a finding of waiver is discretionary, not mandatory. *See Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 946-47 (6th Cir. 2020); *see also Scott v. Tennessee*, No. 88-6095, 1989 U.S. App. LEXIS 9653, at *4-6 (6th Cir. July 3, 1989) (noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court *may* deem the plaintiff to have waived opposition to the motion") (emphasis added). And here the Magistrate Judge construed a separate filing as a motion for leave to amend the complaint. Thus, Defendant's first objection is overruled.

Defendant also notes the general rule that the question of federal jurisdiction depends on the well-pleaded allegations of the complaint and argues that the Court must consider its jurisdiction at the pleading stage. The Sixth Circuit has held, however, that even a litigant proceeding in forma pauperis may be provided the opportunity to amend his or her complaint to avoid dismissal. *See LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013). And the Magistrate Judge's report states that Defendant may file a new motion to dismiss if Plaintiff files an amended complaint it believes is subject to dismissal. Thus, Defendant's second objection is overruled.

**III.    Conclusion**

Having conducted a *de novo* review of the portions of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Defendant's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 14). Accordingly, Defendant's motion to dismiss (ECF No. 10) is DENIED WITHOUT PREJUDICE. **Plaintiff may file an amended complaint within thirty (30) days of the date of this order. Failure to do so may result in the dismissal of this case under Federal Rule of Civil Procedure 41(b).**

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 11, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager