UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT MOODY,

                    Plaintiff,                   Civil Action No. 23-10508

v.                                     Nancy G. Edmunds
                                     United States District Judge

LIVINGSTON, COUNTY OF,            David R. Grand
                                     United States Magistrate Judge

                    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY AS MOOT DEFENDANT'S MOTION TO DISMISS (ECF No. 18)

## I.    BACKGROUND

*Pro se* plaintiff Kurt Moody ("Moody") brings this action against Livingston County ("Defendant"), alleging a breach of his "Constitutional Victims Rights" under the Michigan Constitution and Michigan's William van Regenmorter Crime Victim's Rights Act, M.C.L. § 780.751, *et seq*. (ECF No. 1). Moody asserts that the Livingston County prosecutor's office violated his rights by denying him restitution after he was the "victim of an attempted murder." (*Id*.). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9).

On April 19, 2023, Defendant filed an answer to Moody's complaint, asserting, in relevant part:

On April 24, 2023, the undersigned had two telephone conferences

with Mr. Moody.  In the first the undersigned informed Mr. Moody that on behalf of Livingston County he was preparing a motion to dismiss based on the argument this court lacks jurisdiction because all of the claims relate to the Michigan Constitution.  Mr. Moody said he would agree to dismiss this case and refile in State Court.  The undersigned said he would prepare a stipulation.  A minute or two later, Mr. Moody called back saying he wanted to think about whether he would agree to dismiss the current litigation.  Then a minute or two later he called back again and left a message he would not agree to dismiss this litigation and instead would take it up all the way to the Supreme Court.

(ECF No. 8, PageID.38-39).

On April 25, 2023, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, asserting that dismissal is proper because Moody's claims "are entirely based on Michigan law" and his allegations otherwise fail to establish diversity jurisdiction. (ECF No. 10, PageID.46-47).  Later in the day on April 25, 2023, Moody filed a document that vaguely addresses, among other issues, the "Jurisdiction Question."  (ECF No. 12; *id.*, PageID.54).[1]  This filing is dated April 24, 2023, and therefore is Moody's response to

---

[1] Moody's filing makes various conclusory assertions about the Court's subject matter jurisdiction in this case.  For instance, he asserts, "If the breach of state laws involves actions by state or local officials that infringe upon a crime victim's rights under the U.S. Constitution or federal law, the victim can have a claim under 42 U.S.C. § 1983."  (ECF No. 12, PageID.54).  He goes on to assert that under "[t]he Equal Protection Clause . . . states must enforce their laws equally, without discriminating based on race, gender, national origin, or other protected characteristics," and that "[i]f a crime victim is not given the opportunity to participate in a criminal trial or provide input during sentencing, as provided for under a jurisdiction's crime victim's rights laws, this is also to be a violation of the victim's due process rights."  (*Id.*, PageID.55).  However, Moody's complaint asserts no claim for violation of a right under either the United States Constitution or any federal law.  And, the law is clear that a plaintiff may not cure deficiencies in his complaint by asserting new allegations or claims in a response to a defendant's motion to dismiss.  *See Jocham v. Tuscola County*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) (holding that plaintiffs "may not amend their complaint through a response brief"); *Newman v. Encore Cap. Grp.*, No. 16-11395, 2017 WL 3479510, *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure

Defendant's answer, not his response to Defendant's motion to dismiss.  (ECF No. 12).

Thus, on April 26, 2023, the Court issued an Order advising Moody of his obligation to

respond to Defendant's motion to dismiss on or before **May 22, 2023**, and that his failure

to do so may result in a recommendation that the Defendant's motion be granted.  (ECF

No. 11).  Moody did not file a response to Defendant's motion to dismiss, nor move for an

extension of time within which to do so.

Thus, on June 14, 2023, the Court issued a Report and Recommendation ("R&R"),

recommending that Defendant's motion to dismiss be denied without prejudice and that

Moody be given 30 days to file an amended complaint:

> While it is true that the Court lacks subject matter jurisdiction over
> purely state law claims when diversity jurisdiction is also lacking,
> *Gentek*, 491 F.3d at 325, if the Court were to grant Defendant's instant
> motion to dismiss, it would be required to do so "without prejudice."
> *Id.*, 491 F.3d 320 at 325; *see also Millan v. FBI*, No. 22-10006, 2023
> WL 2586299, at *3 (E.D. Mich. Mar. 21, 2023) ("where the Court
> 'lack[s] subject-matter jurisdiction for [any] non-merits reason[ ] ... it
> must dismiss the case under just Rule 12(b)(1)').  The dismissal must
> be without prejudice.") (citations omitted).  Liberally construing
> Moody's recent filing (ECF No. 12), he appears to be arguing that he
> can cure any subject matter jurisdiction deficiencies by asserting claims
> based on alleged violations of his rights under the Due Process and/or
> Equal Protection clauses of the United States Constitution.  (ECF No.
> 12, PageID.54-55).  Accordingly, the Court will construe Moody's
> filing as a motion for leave to amend his complaint to address
> Defendant's subject matter jurisdiction arguments.
>
> The most appropriate course of action is thus to deny Defendant's
> motion to dismiss without prejudice, and give Moody 30 days to file an
> amended complaint that establishes this Court's subject matter
> jurisdiction.  Should Moody file an amended complaint that Defendant
> contends is subject to dismissal, Defendant may then file a new motion

deficiencies in their Amended Complaint through new allegations in their response to Defendants'
motion to dismiss"). !

to dismiss.

(ECF No. 14, PageID.72-73).

Defendant objected to the R&R, asserting, *inter alia*, that dismissal was proper because Moody "failed to establish that this court has subject-matter jurisdiction." (ECF No. 15, PageID.77). On July 12, 2023, the Honorable Nancy G. Edmunds overruled Defendant's objections, adopted the R&R, and denied Defendant's motion to dismiss without prejudice. (ECF No. 17). Importantly, Judge Edmunds also expressly instructed Moody that he "**may file an amended complaint within thirty (30) days of the date of this order,**" and that his **"[f]ailure to do so may result in the dismissal of this case under Federal Rule of Civil Procedure 41(b)."** (*Id.*, PageID.104) (emphasis in original).

When the 30-day deadline for filing an amended complaint lapsed **on August 11, 2023**, and Moody had not yet filed an amended complaint, Defendant filed a renewed motion to dismiss on August 18, 2023, arguing again for dismissal because the Court lacked subject matter jurisdiction and because Moody was given "the opportunity to file an amended complaint and attempt to cure the jurisdictional defects in his claims, . . . [but] [he] has failed to do so." (ECF No. 18, PageID.112).

On August 22, 2023, the Court issued an Order directing Moody to file a response to the Defendant's renewed motion to dismiss **on or before September 15, 2023**, and made clear that "<u>**Failure to file a timely response may result in a recommendation that Defendant's motion be granted.**</u>" (ECF No. 19, PageID.119).[2]

---

[2] On October 11, 2023, the Court's August 22, 2023, Order Requiring Response was returned as "Not Deliverable As Addressed" to Moody at his address of record at "7491 Pinckney Rd.

When Moody failed to file a response to Defendant's motion by the deadline nor moved for an extension of time within which to do so, on October 3, 2023, the Court issued an Order directing Moody to show cause, in writing, on or before **October 11, 2023**, why this Court should not recommend that Defendant's motion be granted, or alternatively, file a response to Defendant's motion by **October 11, 2023**.  (ECF No. 20).   The Court expressly warned Moody that "Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendant's motion, may result in a recommendation that Defendant's motion be granted and/or that Moody's claims be dismissed under Fed. R. Civ. P. 41(b)."  (*Id.*, PageID.122).

Despite it now being past the deadline, to date, Moody has failed to respond to the Court's Order to Show Cause, to file a response to Defendant's renewed motion to dismiss, or to file an amended complaint.  Nor has he moved for an extension of time to comply with any of the Court's prior orders.

## II.   ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary

---

Pinckney, MI 48169."  (ECF No. 21).  However, none of the Court's prior mailings to the same address, including Judge Edmunds' *July 12, 2023* order requiring Moody to file an amended complaint, were returned as undeliverable.  At any rate, to the extent Moody has recently changed his address, the law makes clear that "[Plaintiff] has the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of [Plaintiff's] current address."  *Brown v. White*, No. 09-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (internal quotations omitted).; *see also, e.g., Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address."); *Taylor v. Warren County Regional Jail*, No. 91-5463, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same).  Indeed, E.D. Mich. LR 11.2 provides the Court with the authority to dismiss a case for failure to keep it apprised of address changes.  Moody, however, has not provided the Court with any new address where mailings may be sent to him.

dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

6

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  All of the factors favor dismissal here.

The Court repeatedly warned Moody that his case would be dismissed with prejudice under Rule 41(b) if he failed to timely file an amended complaint, file a response to Defendant's motion to dismiss, and/or to file a response to this Court's Order to Show Cause.  (ECF Nos. 17, 19, 20).  Despite the passage of the deadlines, Moody has yet to comply with any of the Court's orders, meaning that the first[3] and third factors weigh in favor of dismissal.  The Court again highlights that Judge Edmunds' July 12, 2023 order requiring Moody to file an amended complaint if he wished to continue pursuing this case (ECF No. 17) was not returned to the Court.[4]  Moody's failure to file an amended complaint is alone grounds to find he no longer wishes to pursue this case and to dismiss it.  As to the second factor, Defendant is prejudiced by having this action pending against it without the

---

[3] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id.*  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id.*

[4] Similarly, the June 14, 2023 R&R which recommended giving Moody an opportunity to file an amended complaint (ECF No. 73) was not returned to the Court as undeliverable.

case being advanced to a timely conclusion due to Moody's apparent abandonment of his claims. Finally, given Moody's failure to file an amended complaint and responses as ordered, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Moody has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2.

## III.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Moody's complaint **(ECF No. 1)** and his claims against Defendant be **DISMISSED WITH PREJUDICE**, and that Defendant's renewed motion to dismiss **(ECF No. 18)** be **DENIED AS MOOT**.

Dated: October 17, 2023                     s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
